FEDERATION BANK AND TRUST COMPANY, Plaintiff, *v.* EARLE W. HAMMONS, Defendant.

Supreme Court, Special Term, New York County, February 7, 1941.

*Buchter, Rathheim, Abrams & Holz*, for the plaintiff.

*Phillips, Mizer, Benjamin & Krim*, for the defendant.

VALENTE, J.    This is the second motion by the plaintiff addressed to the sufficiency of the defendant's pleading.    The first motion relating to the answer was granted by another justice of this court and defendant has now served an amended answer which is attacked under rules 109 and 103 of the Rules of Civil Practice.

The first defense, alleging partial payment, is not challenged and, therefore, stands.    The other defenses, including a setoff, are claimed by the plaintiff to be insufficient in law and frivolous. Briefly stated, the setoff pleaded alleges that the Superintendent of Banks, while in possession of plaintiff bank, in consideration of the procurement by the defendant of the personal indorsements of two financially responsible individuals, and the addition of defendant's signature to a certain worthless corporate note, and upon which the individuals thereafter paid a substantial sum of money, agreed to accept the payment *pro tanto* on the instruments made by the defendant, and upon which this suit is brought. There can be little question, if the agreement were made by the plaintiff bank, it would be void as against public policy.    (*Rothschild* v. *Manufacturers Trust Co.*, 279 N. Y. 355; *Mount Vernon Trust Co.* v. *Bergoff*, 272 id. 192; *President & Directors of Manhattan Co.* v. *Cocheo*, 256 App. Div. 560.)    The query that is now presented is whether such an agreement when made with the Superintendent of Banks attains the dignity of enforcibility.    Plaintiff contends that the Superintendent of Banks while in charge of the affairs of a bank acts merely as a statutory receiver and that he lacks authority to enter into a contract which, if made by the bank, would be held to be against public policy.    The power of the Superintendent of Banks to take possession of the business and property of a banking organization is granted by section 606 of the Banking Law (Formerly § 57).    It would appear that his powers are strictly those conferred on him by the statute.    (§ 618, formerly § 69.)    This section definitely limits the power of the Superintendent to compromise debts held by the banking organization and provides for the approval of the compromise by an order of the Supreme Court.    An examination of this and other related pro-

visions of the section would indicate that the Superintendent cannot assume powers that are not expressly conferred. Granting, however, for the sake of argument, but not holding, that he might even have implied powers, it is impossible to support the view that he has authority to enter into an agreement which if entered into by the bank itself would be held as being against public policy. If such an agreement as pleaded as a setoff would be void as against public policy if made by the bank itself, it would seem that it could not be endowed with legality when made by the Superintendent of Banks, an official who manifestly acquires only the limited authority prescribed by the Banking Law. (*Matter of Union Bank*, 204 N. Y. 313; *President, etc., of Manhattan Co.* v. *Prudence Co.*, 266 id. 202; *Isaac* v *Marcus* 258 id. 257.)

It would serve no useful purpose to engage in an extended discussion of the factual situation presented by the third, fourth and fifth defenses It is my opinion that if the agreements referred to were made they contravene the public policy of the State and the defenses, including the setoff, are, therefore, insufficient in law and frivolous

The motion to strike out is granted with leave, upon payment of ten dollars costs, to serve a second amended answer within ten days.